Cordy v. Hale, 177 Wis. 68.

CORDY and others, Plaintiffs, vs. HALE and others, Defend-
dants.    [Two appeals.]

*March 17—April 11, 1922.*

*Insurance: Regulatory statutes: Purpose: Property situated without
the state: Agents: Corporations: Acting as agents for com-
pany not qualified in state.*

1. Even though provisions in the statutes regulating fire in-
surance, such as secs. 1941—64, 1941—65, Stats., are re-
stricted to insurance on property within the state, the general
legislative purpose was to protect the citizen securing such
insurance within the state wherever the property might be
located.

2. An agent who wrote a fire insurance policy in a company not
authorized to do business within the state is liable for the
amount of a loss not paid by such company, under sec. 1919f,
Stats., even though the property insured was located outside
of the state.

3. The fact that a corporation could not lawfully act as agent of
an insurance company under sub. 6, sec. 1976, Stats., does
not relieve it of liability if it acted as such agent and wrote
a policy in a company not authorized to do business within the
state.

4. The liability created by sec. 1919f, Stats., on the part of an
insurance agent who writes insurance in a company not
authorized to do business in the state is not limited to agents
who may be lawfully licensed to transact business in the
state, but applies to any one who does in fact solicit or place
insurance.

APPEALS from orders of the circuit court for Ashland
county: G. N. RISJORD, Circuit Judge. *Affirmed on appeal
of defendants Hale and Deniston; reversed on that of
plaintiffs.*

This action was brought by the plaintiffs against the de-
fendants *Hale, Deniston,* and *Northern Security Company*
to enforce a personal liability under sec. 1919f, Stats., for
soliciting and placing fire insurance with defendant Guar-
anty Fund Fire Underwriters, a fire insurance company not
authorized to do business in this state.

The complaint alleges that the plaintiffs are associated

together and jointly interested in a logging and lumber business in the state of Wisconsin and adjoining parts of the state of Michigan, with their principal office located at Mellon, Wisconsin; that the defendant *Northern Security Company* is a corporation duly organized and doing business under and by virtue of the laws of the state of Wisconsin, with its principal office in the city of Ashland, Wisconsin, and, among others, its purpose and business is declared in its articles of incorporation to be "to act as an insurance agent for insurance—companies of all kinds—and as such generally to do a general insurance business;" that the defendants *Hale, Deniston,* and *Northern Security Company,* in the spring of 1920, solicited plaintiffs for fire insurance on various products owned by them and situated in the state of Michigan, and that on April 1, 1920, said defendants *Hale, Deniston,* and *Northern Security Company* delivered to plaintiffs one certain policy issued by said Guaranty Fund Fire Underwriters through its said agents *Northern Security Company, Hale,* and *Deniston,* insuring said forest products so located in the state of Michigan against fire loss for the term of one year thereafter in the sum of $5,000, the plaintiffs paying to the said agents a premium of $250 for said insurance policy; that the forest products covered by said insurance policy were destroyed by fire, and that the Guaranty Fund Fire Underwriters has failed to adjust or pay the loss. Judgment was demanded against said defendants for the amount due plaintiffs under the terms of said insurance policy. The defendant Guaranty Fund Fire Underwriters made no appearance. The other defendants separately demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The trial court overruled the demurrer interposed by defendants *Hale* and *Deniston* and sustained the demurrer interposed by defendant *Northern Security Company.* The defendants *Hale* and *Deniston* appeal from the order overruling their demurrers, and the plaintiffs appeal from the

order sustaining the demurrer of the *Northern Security Company.*

*E. R. Hicks* of Oshkosh, for the plaintiffs.

For the defendants there was a brief by *Lamoreux & Cate* of Ashland, and oral argument by *C. A. Lamoreux.*

Owen, J.    While the defendant Guaranty Fund Fire Underwriters corporation is joined as a defendant, it has not appeared in the action, and we are concerned only with considerations affecting the liability of the other defendants who solicited and placed the insurance.    Their liability, if any, is referable to sec. 1919*f*, Stats., which provides:

"Any company or person who shall solicit or place insurance in a fire insurance company not authorized to do business in this state shall, in the event of the failure of such unauthorized company to pay any claim or loss within the policy issued, be liable to the insured for the amount thereof to the extent that such company would have been liable."

The complaint alleges that the Guaranty Fund Fire Underwriters is a Texas corporation organized for the purpose of writing fire insurance and that it is not and was not at the time of the issuance of the policy authorized to do business in this state.    It is further alleged that the defendants *Northern Security Company, Hale,* and *Deniston* solicited and placed insurance in the Guaranty Fund Fire Underwriters.    The provisions of sec. 1919*f* clearly embrace the transaction here under consideration, unless it be construed in accordance with defendants' contention that it applies only to insurance written on property located in this state. Their contention, tersely stated, is that the purpose of our laws regulating the business of fire insurance is to protect our citizens in insurance contracts affecting property located in this state, and attention is called to numerous sections regulating contracts of insurance upon property in this state, such as secs. 1941—64, 1941—65, and perhaps others,

where the regulatory provision applies to policies of insur-
ance written on property in this state.   However, we do
not think it can be said as a general proposition that the
legislative purpose in regulating the business of fire insur-
ance was to protect alone the citizen securing fire insurance
upon property located in this state.   We think the purpose
is broader and more inclusive.   We think it was the legis-
lative intent to protect the citizens of this state from loss in
dealing with unsound insurance companies, whether their
contracts related to property located within or without the
state; and this purpose is manifest by a consideration of
numerous sections of the statutes: for instance, sec. 1915
provides that "no company incorporated under the laws of
any other state or of any territory or of any foreign govern-
ment or other insurer having its home office outside of this
state shall, directly or indirectly, take risks or transact any
business of insurance in this state except upon compliance
with and maintenance of the following requirements," nam-
ing them, and sec. 1916 provides that "the commissioner
of insurance shall, upon being satisfied that any such in-
surance corporation has fully complied with all provisions
of law applicable thereto, and that the interests of the people
of the state are not jeopardized by dealing with such cor-
poration, deliver to such corporation a license to transact
business in this state as prescribed in these statutes."   It
is to be noticed that the company is to be licensed to do busi-
ness in this state if the commissioner of insurance is satis-
fied "that the interests of the people of the state are not
jeopardized by dealing with such corporation."   The li-
cense issued by the commissioner of insurance to a foreign
corporation to transact business in this state is accepted by
the citizen as an assurance from the state that it is solvent
and financially sound, and that he is safe in transacting busi-
ness with any such company whether it relate to insurance
on property located within or without the state.   While the
fact that a number of the provisions of the statutes relating

to the fire insurance business by their terms relate to insurance contracts written upon property in this state lends force to the contention that all statutory regulations should be so limited in their interpretation, we are of the opinion that the legislative intent will be more certainly enforced by giving to each section of the statutes the scope indicated by the language used.

The provision of the statutes which gives rise to the liability sought to be enforced in this case includes the transaction set out in the complaint. The defendants solicited and placed insurance in a fire insurance company not authorized to do business in this state. The unauthorized company in which the insurance was written has failed to pay the loss which the policy indemnified. The section plainly provides that under such circumstances the person so soliciting or placing the insurance shall be liable to the insured for the amount of such loss to the extent that the company would have been liable. We are not inclined to construe this as referring only to contracts of insurance written upon property located in this state. To do so would constitute an unreasonable restriction upon the language used. A contrary legislative purpose is not so plain as to justify it. Considerations of public policy do not require it. The duty which the state owes to its citizens in the matter of assuring them safety in the financial responsibility of insurance companies with whom they do business is scarcely less in principle where the property is located outside of the state than where it is located within the state. We therefore hold that the complaint states a good cause of action against the defendants, so far as the question thus far considered is concerned.

A little different question is raised by the demurrer of the *Northern Security Company*. This defendant is a corporation. Under our statutes (sub. 6, sec. 1976) "no corporation or stock company shall be licensed as agent of any insurance company." It is contended that because under the laws of this state the defendant *Northern Security Com-*

Cordy v. Hale, 177 Wis. 68.

*pany* could not be licensed as an insurance agent, with knowledge of which the plaintiffs must be charged, as they are presumed to know the law of the state, the *Northern Security Company* cannot be held liable to them under the statutory provision quoted. We must confess that the reasoning justifying this conclusion is obscure, and we shall not attempt to state it. Sec. 1977 defines the term "agent" to be "every person or member of a firm or corporation who solicits insurance on behalf of any insurance corporation or person desiring insurance of any kind," etc. The definition excludes the idea that the corporation itself can be an agent. However, that defines a lawful agent, that is, one who may be permitted under our laws to act as an agent. It is an elementary principle of law that one corporation may act as an agent of another, and where, as in this case, one of the purposes of a corporation, as defined in its articles of incorporation, is declared to be "to act as insurance agent for insurance companies of all kinds and as such agent to do a general insurance business," such a corporation may act as such agent and, when authorized, will bind its principal. The mere fact that the *Northern Security Company* could not be licensed to act as insurance agent under the laws of this state by no means implies that by so acting in defiance of the laws of the state its acts are not binding upon its principal and that its contracts are void and unenforceable. The statute does not so provide. It recognizes that one may unlawfully act as the agent of an insurance company, and provides a penalty to be visited upon the one thus offending, but there is no provision declaring the contracts engendered by it for and on behalf of its principal void. Furthermore, the liability created by sec. 1919f is not limited to those who are or may be lawfully licensed to transact insurance business in this state, but it applies to any company or person who does in fact solicit or place insurance in a fire insurance company not authorized to do business. This section is broad enough to include all persons or companies

who in fact solicit or place insurance in a fire insurance company not authorized to do business in this state, even though under the laws of the state they could not be licensed to act as an insurance agent.

Our conclusion is that the court properly overruled the demurrer of the defendants *Hale* and *Deniston,* and erroneously sustained the demurrer of the *Northern Security Company.*

*By the Court.*—Upon the appeal of *H. C. Hale* and *G. W. Deniston* the orders are affirmed.   Upon the appeal of the plaintiffs the order is reversed, and cause remanded with instructions to overrule the demurrer.